[No. 22614. Department One. October 29, 1930.]

COLUMBIA RIVER DOOR COMPANY, *Respondent*, v. SPRING-
FIELD FIRE & MARINE INSURANCE COMPANY,
*Appellant*.[1]

*Fred G. Clarke,* for appellant.

*J. E. Stone* and *Hayden, Langhorne & Metzger,* for
respondent.

TOLMAN, J.—This is an action on an oral contract
of insurance against loss by fire. Trial was had to a
jury, which returned a verdict in favor of plaintiff.
From a judgment on the verdict, the defendant has
appealed.

But two errors are assigned, both in effect raising
the same question, namely: Should the trial court have
directed a verdict in appellant's favor or have granted
a judgment notwithstanding the verdict? Two theories
are advanced in support of appellant's position: (1)
estoppel and (2) accord and satisfaction. In order to
discuss these theories intelligently, a brief statement

[1]Reported in 292 Pac. 409.

of some of the facts, as the jury might have found them to be, must be made.

Respondent operated a manufacturing plant, and had a large line of fire insurance on its plant and stock. Early in July, 1926, it desired to increase its line of insurance, and commissioned an insurance broker of Portland, Oregon, to place an additional amount for it. The broker laid the matter before appellant's agency in Vancouver, Washington, and that agency orally agreed on July 9, 1926, to place $2,500 of the amount desired, and on July 10 following, the agency issued its written binder directed to the broker in which it said:

"John Shibel & Co.,
Portland, Oregon.

"We are keeping you covered for twenty-five hundred dollars ($2500) on general form Columbia River Door Company, Kalama, Washington, as per our wire to the Springfield Fire & Marine Insurance Company, 12:30 p. m. July 10. Binder will terminate upon issuance of policy.

"H. W. Merrifield, Agent
"By E. A."

At the time the oral contract was made, appellant already had a policy for $5,000 outstanding on the same property, which had been in force for about a year, and the respondent had a total of insurance, aside from the present oral contract, amounting to $157,000. A fire occurred in the afternoon of July 10, 1926, totally destroying the insured property.

After the fire, adjusters, representing all of the interested fire insurance companies, took up with respondent the matter of adjusting the loss, and there was turned over to them all of the outstanding policies of insurance, including the written binder evidencing the oral contract here sued upon, and all books and records bearing upon the amount of the loss. No word

of repudiation of the binder or of the oral contract was said, and no suggestion was made that respondent must forego its claim thereunder, in order to obtain a settlement under the $5,000 written policy theretofore issued by the appellant.

The adjusters seem to have agreed that there was a total loss under the written policies aggregating $157,000, but, without claiming or suggesting any legal or moral defense, they informed respondent that the loss would not be voluntarily paid, unless respondent consented to deduct $2,500 from the total of the $157,-000, representing that, if that deduction was not made, they would force respondent to litigate the matter, and that the cost to respondent of such litigation would greatly exceed the amount of the deduction which they demanded. To this deduction, respondent finally agreed, and, thereupon, the adjusters prepared proofs of loss upon each separate written policy, which were presented to and signed on behalf of respondent without examination as to their contents, upon the belief that it would receive $154,500 in settlement of the loss under the written policies, instead of $157,000.

Payment was made accordingly, and the appellant, instead of paying $5,000 on its previously issued written policy, deducted its pro rata of the $2,500 rebate and paid to the respondent $4,929.38, receiving from it a receipt from which we quote:

"$4,929.38, which payment evidenced by proper indorsement hereof constitutes full satisfaction of all claims and demands for loss and damage which occurred on the 11th day of July, 1926, to property described in policy No. 696072 issued at the Vancouver, Washington, Agency . . ."

From these facts, it will be seen that the jury was authorized to find that the respondent, by the delivery of the binder to the adjusters, along with the written

policies of insurance, asserted its claim for the loss thereunder; that it was not aware that the amount thereof was not listed as a part of the total insurance in the proofs of loss; that, by signing the proofs of loss, no waiver of the oral insurance was intended, and that the appellant was not placed in a position where it had a right to assume that such a waiver was intended. Likewise, the jury was justified in finding that there was no denial of liability on the $5,000 written policy at or before the time that the $2,500 deduction was made, and that such deduction was made without any consideration moving to the respondent, and wholly for the purpose of securing an early payment on an amount which was admittedly then justly due.

There can be no estoppel as a matter of law, because it does not appear by undisputed evidence that appellant was misled or placed in a position of disadvantage by anything done by the respondent, or at all. *Daniel v. Gold Hill Mining Co.*, 28 Wash. 411, 426, 68 Pac. 884.

Nor can we say, as a matter of law, that there was an accord and satisfaction, because the fact does not appear undisputedly, or at all, that a defense in good faith was asserted to the $5,000 written policy, or to the oral contract, and that any disputed question of liability was compromised and settled. *Seattle, Renton & Southern R. Co. v. Seattle-Tacoma Power Co.*, 63 Wash. 639, 116 Pac. 289, *Thayer v. Harbican*, 70 Wash. 278, 126 Pac. 625. Of course, it does not appear that appellant was insolvent.

The jury having found the facts against the appellant, the judgment must be, and it is, affirmed.

MITCHELL, C. J., HOLCOMB, PARKER, and MAIN, JJ., concur.